STATE OF MAINE

OXFORD, ss.

RECEIVED AND FILED

OCT 23 2000

Donna L. Howe
CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-47

PAF - OXF - 10/23/2000

BARBARA LAMSON,

        Plaintiff

   v.

MARK AND MARIE COTE,

        Defendants

ORDER
AND
DECISION

(PROCEEDING INVOLVING
REAL ESTATE)

1.    <u>THE PARTIES.</u>    The plaintiff is Barbara Lamson of Cape Elizabeth, Maine who was represented by Attorney William H. Dale of Portland, Maine.

The defendants are Mark J. Cote and Marie R. Cote of Rumford, Maine who were represented by Attorney Robert Hark of Portland, Maine.

2.    <u>THE DOCKET NUMBER.</u>    The docket number is CV-99-47.

3.    <u>NOTICE.</u>    All parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.    <u>DESCRIPTION OF REAL ESTATE.</u>    The plaintiff's property is located on the southerly shore of Howard Pond in Hanover, Maine and is described in a deed from H. Howard Dunn and Freda M. Dunn to Thomas Blake and Barbara Blake (now Barbara Lamson) of May 19, 1988. See Book 1567, page 259 of the Oxford County Registry of Deeds in Paris, Maine. Her property is lot 31 of an August 1901 plan of lots found at Plan Book 13, page A-7.

The defendants' property is located on the southerly inland side of South Shore Road near Howard Pond and is described in a deed from Lynda-Lee Soule,

formerly Haegele, to Mark J. Cote and Marie R. Cote of April 3, 1997. See Book 2423, page 250.

The disputed parcel is a strip of land, approximately 35' wide and 115' in length running from the road to the pond, which is immediately adjacent to and northwesterly of the plaintiff's land. It is the area designated as "Road" between lots 31 and 32 of the August, 1901 plan.

This dispute primarily involves the question of whether or not the defendants have any rights to use the disputed parcel which they now use for access to the pond and for a place to have a dock and boat. There are also related issues concerning claims of trespass.

The plaintiff has filed a five count complaint which includes a claim that title to the centerline of the disputed land is vested in her pursuant to 33 M.R.S.A. §469-A (Count I), a similar claim pursuant to 23 M.R.S.A. § 3032 (Count II), a claim for trespass damages under 14 M.R.S.A. §7552 (Count III), a claim for trespass damages under 14 M.R.S.A. 7551-B (Count IV), and a claim for common law trespass damages (Count V). The defendants have filed a counterclaim seeking a declaratory judgment with related relief. The parties have submitted a very helpful stipulation of facts, a hearing has been held and oral argument have been given to supplement earlier written arguments.

This case turns on a combination of history and statutory interpretation. Sometime between 1899, the date of the deed, and 1904, the date it was recorded, George Virgin, who owned a large parcel of land including the land which is now owned by both the plaintiff and defendants, conveyed what is now the plaintiff's

2

land to a W.C. Thomas and others. See Book 284, page 15. This conveyance of what became lot 31 on his August 1901 plan made no reference to the Plan and no reference to the "Road" between lot 31 and its westerly neighbor lot 32. Neither party owns any record title to the disputed area. The defendants' property is part of the large inland area owned by George Virgin which was not subdivided as part of the 1901 plan which divided the lakefront property and three inland lots at the other end of the pond. As further parcels were sold, neither George Virgin nor his heirs ever reserved title to this "Road" or paper street. Also see the November 10, 1927 indenture of George Virgin and others.

In 1987 legislation was enacted to deal with the issue of title to proposed, unaccepted ways. Among the enacted laws was 33 M.R.S.A. §469-A. Relevant portions of that law include subsections (1), (6), (7) and (8) and the final sentence of Section 469-A. Those provisions state:

> **1. Reservation of title.** Any conveyance made before the effective date of this section which conveyed land abutting upon a proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds shall be deemed to have conveyed all of the grantor's interest in the portion of the way which abuts the land conveyed, unless the grantor expressly reserved his title to the way by a specific reference to this reservation in the conveyance of the land.
>
> **6. Lack of reservation.** Any person owning land in this State abutting a proposed, unaccepted way or portion of a proposed, unaccepted way, whose predecessors in title had not reserved title in the way under subsection 1 or 2, is deemed to own to the center line of the way or portion of the way.
>
> **7. Action to establish title.** In any action concerning title to a proposed, unaccepted way, the burden of proof

concerning the grantor's intent to reserve title shall be on the grantor or those claiming title by, through or under the grantor.

**8. Construction of laws.** Nothing contained in this section may be construed to extend the period for the bringing of an action or for the doing of any other required act under statute of limitations.

This section shall be liberally construed to affect the legislative purpose of clarifying the title to land underlying proposed, unaccepted ways by eliminating the possibility of ancient claims.

The defendants argue that subsection 1 does not apply as the 1899 deed appears to predate the 1901 subdivision plan and there would be no "proposed, unaccepted way" at the time of the 1899 deed. The plaintiff argues that the Court should conclude that the deed was not delivered until 1904 when it was recorded and therefore there would have been a "proposed, unaccepted way". Since no evidence remains after a hundred years as to when the deed was delivered, these arguments do not help me resolve the dispute among the current parties. However, subsection 6 and the final sentence of Section 469-A convince me that title to the center line of the "Road" between lots 31 and 32 is now in the abutting owners. In the absence of a reservation of title by any of the predecessors in title and to effectuate the policy of eliminating the possibility of ancient claims, title is in the plaintiff. Additionally, the defendants do not own a lot that is shown in the 1901 recorded subdivision.

Another law that was enacted in 1987 was 23 M.R.S.A. 3032 which was amended several times in 1997. Since the way was never built, never used as a way, or never accepted by the Town of Hanover, the way is vacated and the defendants, as

4

members of the general public, along with the general public have no rights in the paper street. See 23 M.R.S.A. 3032 which reads:

> **1-A. Deemed vacation.** A proposed, unaccepted way or portion of a proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds prior to September 29, 1987 is deemed to have been subject to an order of vacation under section 3027 if, by the later of 15 years after the date of the recording of the subdivision plan laying out the way or portion of the way or September 29, 1997, both of the following conditions have been met: **A.** The way or portion of the way has not been constructed or used as a way; and **B.** The way or portion of the way has not been accepted as a town, county or state way or highway or as a public, utility or recreational easement. A way or portion of a way considered vacated under this subsection is subject to section 3033.

> **2. Extensions.** The municipal officers of the affected municipality may except a proposed, unaccepted way or portion of a proposed, unaccepted way described in subsection 1-A from the operation of the time limitations of that subsection by filing, in the registry of deeds where the subdivision plan is recorded, a notice stating that the way or portion of the way is excepted from the operation of subsection 1-A for a period of 20 years from the filing of the notice. To be effective, this exception must be filed prior to the expiration of the time limitations of subsection 1-A. An extension accomplished under this subsection may be extended by the municipal officers for a subsequent 20-year period by the filing of a new notice within the preceding 20-year extension period.

The plaintiff has made claims for trespass damages for the removal of some brush, the felling of a storm damaged birch tree, water diversion caused by the fallen birch tree, the defendants use of the disputed property, and the defendants occasional entry onto lot 31. The damages are at best nominal. The only tree that was cut was one that had been shattered by the ice storm, some brush had been cut on just one instance and the economic damages to the plaintiff are minimal. I find

5

no damage to any drainage ditch pursuant to 14 M.R.S.A. §7551-B. Judgment will be for the defendants on Counts III and IV, the statutory counts, while judgment will be for the plaintiff against the defendants on Count V in the amount of $1.00.

The plaintiff shall record this judgment when it is final within the meaning of 14 M.R.S.A. §2401 and pay the appropriate recording fees.

The entry is:

> Judgment for the plaintiff against the defendant on Counts I and II of the complaint. Judgment for the defendants on Counts III and IV of the complaint. Judgment for the plaintiff against the defendants in the amount of $1.00, interest and regular non-enhanced court costs on Count V.
>
> The Court declares that the plaintiff owns to the centerline of the "Road" between Lots 31 and 32 at Plan Book 13, page A-7. The defendants have no rights to use that property and shall remove their dock and any other belongings from the disputed area.
>
> The counterclaim is dismissed as moot.

Dated:      October 20, 2000                    _Paul A. Fritzsche_
                                                Paul A. Fritzsche
                                                Justice, Superior Court


The appeal period has expired without action or final judgment has been entered after remand following appeal.


Dated: _____              _____
                                                Clerk